*The final accounting in the Estate of* URIAH P. LEVY.

AN administrator with the will cannot account for, and is not liable as
such before the Surrogate for rents of real estate, received under a
devise which the Courts have declared void, and where the testator
has been declared to have died intestate as to such realty and rents.

THE SURROGATE. Uriah P. Levy died in New York,
in 1862, leaving a widow (who was also his niece), and
brothers and sisters, nephews and nieces, his heirs-at-law
and next of kin. At his death he owned real estate to a
large amount, in this city, and also real estate at Monti-
cello and elsewhere, in the State of Virginia. The apprai-
sal of his personal property was $131,000.

His will having been admitted to probate, letters tes-
tamentary issued to the persons named therein as execu-
tors. They were advised to and did bring an action for
construction of the will. In 1865, the Court of Appeals
rendered a decision in this action (*Levy* v. *Levy*, 33 *N.
Y. R., p.* 98), declaring the devise or bequest attempted
to be created by the will, of the residuum of the real and
personal property of the testator, to the people of the
United States, or to such persons as Congress should
appoint to receive it, and provisionally and in succession

to the people of the State of Virginia, and to certain Hebrew congregations, upon the trusts specified, to be null and void; and that said residuum " descended to and vested in the widow, heirs-at-law and next of kin, entitled under the statutes of descent and distribution, of this State, the executors taking no estate or interest therein."

Among the trusts of the will thus declared void, was the following:

" I direct my executors hereinafter named, or such of them as shall qualify, to invest the funds arising from said estate in some safe paying stocks, as fast as they accumulate, and to hold the whole of the property and estate hereby devised and bequeathed for said school, in their hands, until the proper steps have been taken to receive the same, and discharge said executors."

It appears that, pending the action for construction of the will, the executors did collect the rents of the realty. They paid the widow her dower share thereof. The remainder they invested in "safe paying stocks, as fast as they accumulated."

From the decision of the Court of Appeals, an appeal was taken to the Supreme Court of the United States, on the ground that the controversy was one which came within the provisions of article 3, section 2 of the Constitution of the United States.

Pending this appeal, certain of the kin cited the executors before the Surrogate of New York, under sections 18 and 21, title 2, article 2, chapter 6, part 2, of the Revised Statutes. (3 R. S., 5th ed., p. 157.) Such proceedings were then had, that the Surrogate removed the executors from their trust as such. The widow, Virginia Ree, formerly Levy, then applied for administration with the will, and was appointed administratrix de bonis non, cum testamento annexo. The removed executors paid over to the administratrix, with the personalty, the amount of the rents of the real estate then in their hands.

The appeal to the United States Supreme Court was

now withdrawn, and the judgment of the New York Court of Appeals became final, and is obligatory on me.

A final accounting of the administratrix with the will is now in progress before me; and the question raised and argued is as to the responsibility of the administratrix, as such, and of her sureties, for the rents of the real estate which have passed into her hands.

The auditor to whom her accounts were referred, reports that of the assets which came into the hands of Virginia Ree, from the removed executors, the sum of $30,243.70, was the proceeds of rents of the real estate. The account of the administratrix, as filed in this office, had treated this sum as personal assets, in her hands as administratrix. She charged herself with it. The auditor corrects her account by striking this sum from the gross amount of the assets in her hands as administratrix.

There can be no doubt, as the auditor justly remarks in his report, that the accountant has, in respect to this item, erroneously stated the description and class of securities, which are in her hands. She includes it in her account as personal property, whereas it is real estate, and belongs to the heirs-at-law. These rents followed the intestate realty, and were controlled by the statutes regulating the descent of real estate, and did not go at all to the executors, or to the administratrix who succeeded them. It is clear that as the executors and administratrix took no estate in them, the receipt of these rents by them, and the provident investment of them by the executors, were had and made, not as such, but as the mere agents or implied trustees of the heirs-at-law, and for their benefit. The character of the rents did not change by this receipt and investment, from the circumstance of their having come to the hands of the executors and of the administratrix, under a void trust, which never had any legal existence.

The result of these views is to eliminate entirely from the accounts of the administratrix, this sum of $30,243.70,

and to avoid her responsibility, as such, and to this Court, and the responsibility of her sureties, for that amount. She must be called to account for it in a Court of Record, as the agent or implied trustee of the heirs, under proceedings unknown to this jurisdiction. Her accounts as administratrix can only embrace the assets received by her as administratrix, and distributable under the will she is administering. The Surrogate has no power to direct distribution to heirs-at-law. Section 78 (71), 3d vol., 5th ed., p. 182 Revised Statutes, empowers the Surrogate to distribute what shall remain of an estate in the hands of an administrator, " to and among the creditors, legatees, widow and next of kin ;" he has no authority to add to the classes of persons whose interests he is to supervise on a final accounting, and to distribute to heirs-at-law.

The report of the auditor must be confirmed, and a decree entered accordingly.